[No. 5933. Decided March 9, 1906.]

## DEXTER HORTON & CO., BANKERS, *Appellant,* v. J. J. McCAFFERTY, *Respondent.*[1]

PLEDGE — STOCK IN CORPORATIONS — WHETHER RELEASED BY REORGANIZATION—CONSENT OF PLEDGEE—NOTICE. Where all the interests of a stockholder in a corporation, stock issued as well as stock to be thereafter issued, was pledged by him as security for a debt, and a reorganization of the corporation is effected whereby each of the stockholders is to receive a corresponding interest in a new corporation, the pledge cannot be released without the consent of the pledgee; and where the pledgee refused to release any of the debtor's interest (save certain shares), and certain shares in the new corporation are at the direction of the debtor, issued and pledged to the pledgee as security for a new note representing the same indebtedness, the pledge as to such shares is a continuous one, and is not affected by an attempted prior assignment by the debtor of a portion of such shares to another who had notice of the lien of the pledgee.

Appeal from a judgment of the superior court for King county, Tallman, J., entered June 19, 1905, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action to foreclose a pledge of corporate stock. Reversed.

1Reported in 84 Pac. 733.

*Peters & Powell,* for appellant.

*McCafferty & Bell,* for respondent.

HADLEY, J.—This action was brought to foreclose a pledge of twelve thousand shares of the capital stock of the Spruce Creek Power Company, Ltd., a corporation of British Columbia. The plaintiff alleges that the said number of shares were pledged to it by the defendant Brook, to secure the payment of his note to the plaintiff for $4,793.11. No appearance was made by the defendant Brook, but the defendant McCafferty appeared and answered that, prior to the execution of the said note and pledge by Brook, he—McCafferty—was the owner in his own right of seventeen hundred and sixty-three shares of the stock referred to in the collateral written agreement by which the stock was pledged; that prior to the execution and delivery of the note and collateral agreement, he notified the plaintiff that said seventeen hundred and sixty-three shares were his property, and that Brook had no right or authority to pledge them. The complaint asks for foreclosure upon the whole of the twelve thousand shares, and the answer asks judgment that the defendant McCafferty is the owner of seventeen hundred and sixty-three of said shares, free and clear of any lien in favor of plaintiff.

The cause was tried by the court without a jury, and a decree was entered awarding judgment to the plaintiff and against Brook for the full amount of the note, and decreeing foreclosure against ten thousand two hundred and thirty-seven shares of the stock. The decree also declared that the remainder of the pledged stock is the property of defendant McCafferty, free and clear of any lien in favor of plaintiff. It is also provided in the decree that the plaintiff shall deliver said seventeen hundred and sixty-three shares to McCafferty within five days of its entry, and that, in the event of failure to do so, McCafferty shall have judgment against plaintiff for $1,763. Plaintiff has appealed.

The evidence is substantially to the following effect: Prior

to the execution of the note and pledge in suit, said Brook became indebted to appellant. He was then interested in the Consolidated Spruce Creek Placers, Ltd., a Washington corporation, which for convenience may be designated as the "old company." As the holder of the property upon which the involved stock is based, said company was the predecessor in interest of the Spruce Creek Power Company, Ltd., above mentioned, which latter corporation may be designated as the "new company." To secure his indebtedness to appellant, Brook had pledged to it all of his shares of stock in the old company, then issued, and stock to be thereafter issued, as representing any interest of himself in the property of the old company for which stock had not already issued to him. Afterwards a suit was brought upon said indebtedness, and to foreclose the lien upon all of Brook's stock and interest in the old company.

In that case a writ of garnishment was issued and directed to the old company, for the purpose of subjecting to the payment of the debt any unissued stock in the old company to which Brook was entitled, and any indebtedness owing him from the old company. The respondent represented Brook as his counsel in that action, and the debt sued upon there was the same indebtedness evidenced by a different note as that sued upon here. During the pendency of that action, a reorganization of the old company was effected with the consent of all of its stockholders, whereby the new company was organized and took over all the property of the old company. The stockholders exchanged their interests in the old company for shares of stock in the new one. Under the plan of reorganization, the amount of stock in the new company, representing Brook's entire interest in the property of the old one, was sixteen thousand two hundred and eighty-seven shares. His entire interest in the old company was subject to the pledge to appellant, foreclosure of which was then pending. He recognized the lien of appellant upon his entire interest, and the right of appellant to have the lien carried

over to the new stock. The consent of appellant to such an arrangement was necessary. Otherwise it could have proceeded to foreclose against his entire interest in the old company in the form it had been pledged.

Recognizing that appellant was entitled to have all the new stock issued to it as collateral for his debt, by reason of the pledge it held, he requested the consent of appellant that portions of the stock might be issued to other persons on account of other debts he was owing. The appellant at first declined to enter into the reorganization scheme except on the condition that it should retain its lien upon the whole of Brook's interest, and that all the stock to be issued to him in the new company should be subject to a pledge to secure his indebtedness, for the security of which appellant already held a pledge of his entire interest. Appellant, however, did finally consent that a portion of the new shares might be issued to other persons, released from its lien. The evidence, we think, clearly shows that appellant consented to the release of all in excess of twelve thousand shares, and no more. Accordingly, upon Brook's direction, twelve thousand shares were issued to the appellant, and he executed a new note for the same indebtedness and a written pledge of that number of shares.

Respondent claims that, before the new stock was issued to appellant and the pledge thereof made, Brook had assigned to him seventeen hundred and sixty-three of the twelve thousand shares, and that Brook could not, for that reason, pledge those shares to appellant. He also claims that appellant had knowledge of this assignment. Appellant disputes that there was an actual assignment, but asserts that what respondent claims amounted to such was a mere memorandum made during the course of the negotiations concerning reorganization, and related only to what Brook desired appellant to do in the way of releasing a portion of the stock. Be that as it may, however, and conceding that it constituted an assignment, and that appellant had knowledge of it, still

we think the evidence establishes that appellant at no time consented that those shares should be released from its lien. Whatever the transaction between Brook and the respondent may have been, it could have amounted to no more than an assignment of the stock subject to appellant's lien. Respondent must have had knowledge of the existence of that lien, both because of negotiations to secure its release, in some of which he participated, and also because of his representation of Brook as his counsel in the suit theretofore brought by appellant to foreclose against all of Brook's interest in the old company.

We have not undertaken to reconcile apparently conflicting testimony, for the reason that we think, as to material facts, there is not necessarily any conflict. Respondent in good faith claims an assignment, and that appellant knew thereof; but the essential fact in the case is, did appellant release its lien? A careful reading of the statement of facts convinces us that it did not. The lien was therefore continuous. The mere fact that the form of the pledge was changed did not release the impress of the lien upon any portion of the thing pledged, which was Brook's interest in the property to the extent that twelve thousand shares bore to the whole. There was never a time when the shares were relieved of the lien so that Brook could assign them without carrying the lien with them. Even were it true, as the court found, that appellant accepted the pledge in its last form of seventeen hundred and sixty-three of the shares with full knowledge that they had been theretofore transferred to respondent, still it does not follow that such fact defeats the lien. Appellant might have had full knowledge of the assignment, but knowing that it held an unreleased prior pledge of Brook, it knew that such assignment could effect only a transfer of the right of Brook subject to the lien of the pledge.

We therefore think the decree is erroneous in so far as it relates to the seventeen hundred and sixty-three shares, and

15—42 WASH.

that appellant is entitled to foreclosure against the whole of the twelve thousand shares pledged. The cause is therefore remanded, with instructions to modify the decree in said particular.

MOUNT, C. J., FULLERTON, ROOT, CROW, and DUNBAR, JJ., concur.